UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHAMPION MORTGAGE, A DIVISION OF KEY BANK, USA NATIONAL ASSOCIATION, AS SUCCESSOR IN INTEREST TO CHAMPION MORTGAGE CO., INC. :::::::: Plaintiff | |

CHAMPION MORTGAGE, A DIVISION        :
OF KEY BANK, USA NATIONAL            :
ASSOCIATION, AS SUCCESSOR IN         :
INTEREST TO CHAMPION MORTGAGE        :
CO., INC.                            :
         Plaintiff          :
                            :
v.                                   :    C.A. NO.: 05-178S
                            :
DANIEL L. POKORSKI a/k/a DAN L.      :
POKORSKI, ROSEMARIE A. POKORSKI      :
a/k/a ROSE A. POKORSKI, COMMISIONER  :
INTERNAL REVENUE SERVICE, STATE      :
OF RHODE ISLAND DIVISION OF TAXATION,:
CAROL SMITH, FITZ-SAR, LLC, VERMONT  :
STUDENT ASSISTANCE CORPORATION,      :
PELLEGRINO LANDSCAPING & TREE        :
SERVICE, PETROLEUM HEAT & POWER      :
CO., INC. d/b/a DEBLOIS OIL COMPANY, :
THE WESTERLY HOSPITAL, VALERIE       :
BUROS, and DIANA W. SARGENT          :
         Defendants.        :

## CERTIFICATION

Pursuant to Local Rule 36(b), the United States of America hereby files certified copies of all

pleadings filed in Superior Court prior to removal and a certified copy of the docket sheet reflecting the

filing date of the petition for removal.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANTHONY C. DIGIOIA, #2495
Assistant U.S. Attorney
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th FL
Providence, RI 02903
401/709-5000



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS   PAGE  1
RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES   DATE  04/28/2005
SUPERIOR COURT CIVIL INFORMATION SYSTEM

## DOCKET EVENT LISTING

CASE NO.: WC2005 0151   TYPE DECLARATORY JUDGEMENT
TITLE: CHAMPION MORTGAGE  V  DANIEL L POKOROSKI
FILING DATE:  03-08-2005    ASSIGNED TO TRIAL POOL:
                 DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| CHAMPION MORTGAGE | BPL | Martinelli,Lisa M. | AOR |
| COMMISSIONER IRS | BDF | Unknown,Attorney | AOR |
| FITZ SAR LLC | BDF | Hyman,James F. | AOR |
| POKOROSKI,DANIEL L | DEF | Unknown,Attorney | AOR |
| POKOROSKI,ROSEMARIE A | DEF | Unknown,Attorney | AOR |
| PETROLEUM HEAT AND POWER CO IN | BDF | Unknown,Attorney | AOR |
| PELLEGRINO LANDSCAPING AND TRE | BDF | Levanti,John C | AOR |
| STATE OF RI TAXATION DIVISION | BDF | Lemos,Bernard J | AOR |
| SMITH,CAROL | DEF | Unknown,Attorney | AOR |
| VERMONT STUDENT ASSISTANCE COR | BDF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| BW | 03-08-2005 | | | |

    COMPLAINT FILED
  BW    03-21-2005
    SUMMONS,PROOF OF SERVICE FILED
     STATE OF RI DEPT OF AMDINISTRATION, DIV OF TAXATION
  BW    03-21-2005
    SUMMONS,PROOF OF SERVICE FILED
     FITZ-SAR LLC
  BW    03-21-2005
    SUMMONS,PROOF OF SERVICE FILED
     WESTERLY HOSPITAL
  BW    03-21-2005
    SUMMONS,PROOF OF SERVICE FILED
     PELLEGRINO LANDSCAPING & TREE SERVICE
  BW    03-21-2005
    SUMMONS,PROOF OF SERVICE FILED
     PETROLEUM HEAT & POSWER CO INC
  BW    03-23-2005
    ANSWER TO COMPLAINT FILED
     OF PELLEGRINO LANDSCAPING & TREE SERVICE
  BW    03-23-2005
    ENTRY OF APPEARANCE FILED
    Levanti,John C
     FOR PELLEGRINO LANDSCAPING & TREE SERVICE
  BW    03-31-2005
    ANSWER TO COMPLAINT FILED
     TAX ADMINISTRATOR
  BW    04-07-2005
    ANSWER TO COMPLAINT FILED
  BW    04-07-2005
    CROSSCLAIM FILED

True Copy Attest

*C. R. Chmpf*

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

DOC. ID.    DATE    JUDGE                                    OUTCOME    EFFECTIVE
                                                                        DATE

    LG2  04-28-2005
    NOTICE OF REMOVAL
     OF REMOVAL TO US DISTRICT COURT
    LG2  04-28-2005
    CASE REMOVED TO U.S. DISTRICT CT
      TO US DISTRICT COURT

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island



**U.S. Departm** ᶜ **ustice**

*United States Attorney*
*District of Rhode Island*



---

| | |
|---|---|
| Fleet Center | (401) 709-5000 |
| 50 Kennedy Plaza, 8ᵗʰ Floor | FAX (401) 709-5001 |
| Providence, Rhode Island 02903 | CIVIL FAX (401) 709-5017 |

April 27, 2005

**<u>VIA FEDERAL EXPRESS</u>**

Clerk's Office
Washington County Superior Court
Washington County McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, RI 02897

   Re: <u>Champion Mortgage, et al. v. Daniel L. Pokorski et als., CA 05-178S</u>

Dear Sir/Madam:

   Enclosed please find for filing an original Notice of Filing of Removal of the above case, together with a copy of the Notice of Removal which was filed in United States District Court on April 27, 2005. Also enclosed is an extra copy of the above which we request that you date stamp and return to us in the enclosed envelope.

   We also request that you send to us certified copies of any pleadings and the docket sheet with the entry of today's filing as soon as possible. We must file these documents in United States District Court by May 12, 2005.

   If you have any questions regarding the above, please do not hesitate to contact me at (401) 709-5000.

       Sincerely,

       ROBERT CLARK CORRENTE
       United States Attorney

       ANTHONY C. DIGIOIA
       Assistant U. S. Attorney

          True Copy Attest

ACD/nad
Enclosures

         **Offices of Clerk of Superior Court**
         County of Washington
         Wakefield, Rhode Island

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

WASHINGTON, SC.                                                    SUPERIOR COURT

| | |
|---|---|
| CHAMPION MORTGAGE, A DIVISION OF KEY BANK, USA NATIONAL ASSOCIATION, AS SUCCESSOR IN INTEREST TO CHAMPION MORTGAGE CO., INC., | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DANIEL L. POKORSKI a/k/a DAN L. POKORSKI, ROSEMARIE A. POKORSKI a/k/a ROSE A. POKORSKI, COMMISIONER INTERNAL REVENUE SERVICE, STATE OF RHODE ISLAND DIVISION OF TAXATION, CAROL SMITH, FITZ-SAR, LLC, VERMONT STUDENT ASSISTANCE CORPORATION, PELLEGRINO LANDSCAPING & TREE SERVICE, PETROLEUM HEAT & POWER CO., INC. d/b/a DeBLOIS OIL COMPANY, THE WESTERLY HOSPITAL, VALERIE BUROS, and DIANA W. SARGENT, | ) C.A. No. 05-0151 ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF FILING OF PAPERS REMOVING
## ACTION TO THE UNITED STATES DISTRICT COURT

TO:    The Clerk of the Superior Court, Washington County

Lisa M. Martinelli
Partridge Snow & Hahn LLP
180 South Main Street
Providence, Rhode Island 02903

Daniel L. Pokorski
151 East Avenue
Westerly, Rhode Island 02891

Rosemarie A. Pokorski
49 Briar Patch Road
Stonington, Connecticut 06378

State of Rhode Island
Division of Taxation
C/O Bernard J. Lemos, Esquire
One Capitol Hill
Providence, Rhode Island 02908

Fitz-Sar, LLC.
C/O James F. Hyman, Esquire
11 Memorial Boulevard
Newport, Rhode Island 02840

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

Carol Smith
430 River Road
Pawcatuck, Connecticut 16379

Vermont Student Assistance Corp.
C/O Donald R. Vickers
P.O. Box 2000/ Champlain MI
Winooski, Vermont 05404

John c. Levanti, Esquire
16 High Street, Suite 3
Westerly, Rhode Island 02891

DeBlois Oil Company
C/O Prentice-Hall Corp.
222 Jefferson Boulevard, Suite 200
Warwick, Rhode Island 02888

The Westerly Hospital
C/O Sandra Matrone Mack, Esquire
1500 Fleet Center
Providence, Rhode Island 02903

Diane W. Sargent
737 Willow Run Road
Ambler, Pennsylvania 19002

Valerie Buros
4126 North Jokake Drive
Scottsdale, Arizona 85251

PLEASE TAKE NOTICE that, on April 21st, 2005, the United States filed a Notice of

Removal of the above-titled action with the Clerk of the United States District Court for the District

of Rhode Island.

PLEASE TAKE FURTHER NOTICE that, as provided by 28 U.S.C. § 1446(d), the state

court "shall proceed no further unless and until the case is remanded."

A copy of the Notice of Removal, without attachments, is annexed to this Notice.

True Copy Attest

*C. R. Ch—f*

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

This Notice is furnished and shall be filed as provided by 28 U.S.C. §1446(d).

ROBERT CLARK CORRENTE
United States Attorney


ANTHONY C. DIGIOIA
Assistant U.S. Attorney


WENDY J. KISCH
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6553
e-mail: wendy.j.kisch@usdoj.gov

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

## CERTIFICATE OF SERVICE

I CERTIFY that service of the foregoing NOTICE OF FILING has this **21st** day of April, 2005,

been made upon the following by depositing a copy in the United States mail, postage prepaid, addressed

to:

Lisa M. Martinelli
Partridge Snow & Hahn LLP
180 South Main Street
Providence, Rhode Island 02903

Daniel L. Pokorski
151 East Avenue
Westerly, Rhode Island 02891

Rosemarie A. Pokorski
49 Briar Patch Road
Stonington, Connecticut 06378

Carol Smith
430 River Road
Pawcatuck, Connecticut 16379

State of Rhode Island
Division of Taxation
C/O Bernard J. Lemos, Esquire
One Capitol Hill
Providence, Rhode Island 02908

Fitz-Sar, LLC.
C/O James F. Hyman, Esquire
11 Memorial Boulevard
Newport, Rhode Island 02840

Vermont Student Assistance Corp.
C/O Donald R. Vickers
P.O. Box 2000/ Champlain MI
Winooski, Vermont 05404

John c. Levanti, Esquire
16 High Street, Suite 3
Westerly, Rhode Island 02891

DeBlois Oil Company
C/O Prentice-Hall Corp.
222 Jefferson Boulevard, Suite 200
Warwick, Rhode Island 02888

The Westerly Hospital
C/O Sandra Matrone Mack, Esquire
1500 Fleet Center
Providence, Rhode Island 02903

Diane W. Sargent
737 Willow Run Road
Ambler, Pennsylvania 19002

Valerie Buros
4126 North Jokake Drive
Scottsdale, Arizona 85251

*Nancy a Di Quinzio*

True Copy Attest

*C. R. Ch—*

Offices of Clerk of **Superior Court**
of Washington
ld  Rhode Island

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

CHAMPION MORTGAGE, A DIVISION       )
OF KEY BANK, USA NATIONAL           )
ASSOCIATION, AS SUCCESSOR IN        )
INTEREST TO CHAMPION MORTGAGE       )
CO., INC.,                          )
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )
DANIEL L. POKORSKI a/k/a DAN L.     )    Case No.
POKORSKI, ROSEMARIE A. POKORSKI     )    (Formerly C.A. No. 05-0151
a/k/a ROSE A. POKORSKI,             )    Superior Court, Washington County)
COMMISIONER INTERNAL REVENUE        )
SERVICE, STATE OF RHODE ISLAND      )
DIVISION OF TAXATION, CAROL         )
SMITH, FITZ-SAR, LLC, VERMONT       )
STUDENT ASSISTANCE CORPORATION,     )
PELLEGRINO LANDSCAPING & TREE       )
SERVICE, PETROLEUM HEAT & POWER     )
CO., INC. d/b/a DeBLOIS OIL COMPANY, )
THE WESTERLY HOSPITAL, VALERIE      )
BUROS, and DIANA W. SARGENT,        )
                                    )
          Defendants.               )



UNITED STATES OF AMERICA'S NOTICE OF REMOVAL
TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TO:   Lisa M. Martinelli               Rosemarie A. Pokorski
      Partridge Snow & Hahn LLP        49 Briar Patch Road
      180 South Main Street            Stonington, Connecticut 06378
      Providence, Rhode Island 02903

      Daniel L. Pokorski               State of Rhode Island
      151 East Avenue                  Division of Taxation
      Westerly, Rhode Island 02891     C/O Bernard J. Lemos, Esquire
                                       One Capitol Hill
                                       Providence, Rhode Island 02908
      Fitz-Sar, LLC.
      C/O James F. Hyman, Esquire      Carol Smith
      11 Memorial Boulevard           430 River Road    True Copy Attest
      Newport, Rhode Island 02840      Pawcatuck, Connecticut 16379

                                       Offices of Clerk of Superior Court
                                       County of Washington
                                       Wakefield, Rhode Island

Vermont Student Assistance Corp.
C/O Donald R. Vickers
P.O. Box 2000/ Champlain MI
Winooski, Vermont 05404

The Westerly Hospital
C/O Sandra Matrone Mack, Esquire
1500 Fleet Center
Providence, Rhode Island 02903

John c. Levanti, Esquire
16 High Street, Suite 3
Westerly, Rhode Island 02891

Diane W. Sargent
737 Willow Run Road
Ambler, Pennsylvania 19002

DeBlois Oil Company
C/O Prentice-Hall Corp.
222 Jefferson Boulevard, Suite 200
Warwick, Rhode Island 02888

Valerie Buros
4126 North Jokake Drive
Scottsdale, Arizona 85251

PLEASE TAKE NOTICE that the action styled *Champion Mortgage v. Daniel L.*

*Pokorski, et. al.* Civil Action No. 05-0151, now pending in the Superior Court, Washington

County, Rhode Island, is removed to the United States District Court for the District of Rhode

Island, by and on behalf of the United States of America. The action is removable pursuant to

the provisions of 28 U.S.C. § 1442(a)(1) as it is brought against the United States, and 28 U.S.C.

§ 1444, as it appears to be an action seeking to foreclose a mortgage encumbered by tax liens in

favor of the United States, under the waiver of sovereign immunity set forth in 28 U.S.C. § 2410.

Photocopies of the summons, complaint, together with attachments constituting all

non-duplicative process and pleadings received by the trial attorney for the United States to the

date of this notice, are attached as required by 28 U.S.C. § 1446(a).

No prior removal of the action has been attempted.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

This notice of removal is filed in accordance with the procedures of 28 U.S.C. § 1446,

and the removal of the action is timely under the provisions of 28 U.S.C. § 1446(b).

ROBERT CLARK CORRENTE
United States Attorney

ANTHONY C. DIGIOIA
Assistant United States Attorney

WENDY J. KISCH
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6553
e-mail:  wendy.j.kisch@usdoj.gov

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

# CERTIFICATE OF SERVICE

I CERTIFY that service of the foregoing NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR DISTRICT OF RHODE ISLAND has this 27ᵗʰ day of April, 2005, been made upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

Lisa M. Martinelli
Partridge Snow & Hahn LLP
180 South Main Street
Providence, Rhode Island 02903

Daniel L. Pokorski
151 East Avenue
Westerly, Rhode Island 02891

Fitz-Sar, LLC.
C/O James F. Hyman, Esquire
11 Memorial Boulevard
Newport, Rhode Island 02840

Rosemarie A. Pokorski
49 Briar Patch Road
Stonington, Connecticut 06378

State of Rhode Island
Division of Taxation
C/O Bernard J. Lemos, Esquire
One Capitol Hill
Providence, Rhode Island 02908

Carol Smith
430 River Road
Pawcatuck, Connecticut 16379

Vermont Student Assistance Corp.
C/O Donald R. Vickers
P.O. Box 2000/ Champlain MI
Winooski, Vermont 05404

John c. Levanti, Esquire
16 High Street, Suite 3
Westerly, Rhode Island 02891

DeBlois Oil Company
C/O Prentice-Hall Corp.
222 Jefferson Boulevard, Suite 200
Warwick, Rhode Island 02888

The Westerly Hospital
C/O Sandra Matrone Mack, Esquire
1500 Fleet Center
Providence, Rhode Island 02903

Diane W. Sargent
737 Willow Run Road
Ambler, Pennsylvania 19002

Valerie Buros
4126 North Jokake Drive
Scottsdale, Arizona 85251

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, JR.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS APR 7 AM 10: 39
WASHINGTON, SC                                        SUPERIOR COURT

CHAMPION MORTGAGE, A DIVISION    :
OF KEY BANK, USA NATIONAL        :
ASSOCIATION, AS SUCCESSOR IN     :
INTEREST TO CHAMPION MORTGAGE    :
CO., INC.,                       :
Plaintiff                        :
                                 :
                                 :
        Vs.                      :    C.A. No.   05-0151
                                 :
                                 :
DANIEL POKORSKI a/k/a DAN L.     :
POKORSKI, ROSEMARIE A. POKORSKI  :
a/k/a ROSE A. POKORSKI,          :
COMMISSIONER INTERNAL REVENUE    :
SERVICE, STATE OF RHODE ISLAND   :
DIVISION OF TAXATION, CAROL      :
SMITH, FITZ-SAR, LLC, VERMONT    :
STUDENT ASSISTANCE CORPORATION,  :
PELLEGRINO LANDSCAPING & TREE    :
SERVICE, PETROLEUM HEAT & POWER  :
CO., INC. d/b/a DeBLOIS OIL COMPANY, :
THE WESTERLY HOSPITAL, VALERIE   :
BUROS and DIANA W. SARGENT,      :
                                 :
Defendants                       :
                                 :

### ANSWER AND CROSS CLAIM OF FITZ-SAR, LLC.

**Answer of Fitz-Sar, LLC**

1.    Defendant, Fitz-Sar, LLC, admits that its principle place is located at 11 Memorial

Boulevard, Newport, Rhode Island as set forth in paragraph 7 of the complaint but denies that it

is a Rhode Island corporation and states that it is a limited liability company duly organized under

the laws of the State of Rhode Island.

2.    Defendant, Fitz-Sar, LLC, is without information sufficient to form the truth of the

remaining allegations of the complaint.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

## Cross Claim

3.    Defendant, Fitz-Sar, LLC, obtained an execution against the interest of Daniel Pokorski and Rosemarie Pokorski which said execution was filed on November 28, 2000 in the Land Evidence Records of the Town of Westerly.

4.    In addition to the Defendant, Fitz-Sar, LLC, there are a number of other holders of liens on the premises described in the complaint as set forth in paragraph 20 of the complaint.

5.    Upon information and belief, Defendant, Fitz-Sar, LLC, is entitled to a portion of the proceeds in accordance to its priority of liens.

6.    Now, therefore, the Defendant, request judgment that a portion of the proceeds remaining from the mortgage foreclosure be paid to the Defendant in satisfaction of its lien and for such other and further relief as the Court deems just and proper.

Fitz-Sar, LLC
By their Attorney,

James F. Hyman, Esquire
R.I. Bar No. 2105
Newport Law, P.C.
11 Memorial Boulevard
Newport, RI 02840
(401) 849-1510

## CERTIFICATION

I hereby certify that on April 4, 2004 I mailed by regular mail a copy of the Answer and Cross Claim of Fitz-Sar, LLC to both Charles A. Lovell and Lisa M. Martinelli, Partridge Snow & Hahn, 180 South Main Street, Providence, Rhode Island 02903

Colleen Huzi

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

# STATE OF RHODE ISLAND

WASHINGTON, SC.                                    **SUPERIOR COURT**

CHAMPION MORTGAGE, A DIVISION OF          :
KEY BANK, USA NATIONAL ASSOCIATION,
AS SUCCESSOR IN INTEREST TO               :
CHAMPION MORTGAGE CO., INC.,
                    **PLAINTIFF**          :

            V.                             :     C.A. No. WC 04-0151

DANIEL L. POKORSKI, ALIAS; ROSEMARIE      :
A. POKORSKI, ALIAS; COMMISSIONER
INTERNAL REVENUE SERVICE; R.I.            :
DIVISION OF TAXATION; CAROL SMITH;
FITZ-SAR, LLC; VERMONT STUDENT            :
ASSISTANCE CORP.; PELLIGRINO
LANDSCAPING & TREE SERVICE;               :
PETROLEUM HEAT & POWER CO., INC.;
WESTERLY HOSPITAL; VALERIE BUROS;         :
AND DIANA W. SARGENT,
                    **DEFENDANTS**         :

## ANSWER OF DEFENDANT TAX ADMINISTRATOR

## PARTIES

Now comes R. Gary Clark, Tax Administrator for the State of Rhode Island (Tax

Administrator) and head of the Rhode Island Division of Taxation (Tax Division), a

named defendant, by and through his attorney, to answer the complaint of the Plaintiff,

Champion Mortgage, a Division of Key Bank, USA National Association, as Successor

in Interest to Champion Mortgage Co., Inc. (Champion Mortgage) as follows:

1., 2, 3 & 4. The Tax Administrator is without sufficient information and belief to

answer the averments in these paragraphs and leaves the Plaintiff to its proof thereof.

5. Admitted.

True Copy Attest

*C. R. Chm*

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

6., 7., 8., 9., 10, 11, 12. & 13. The Tax Administrator is without sufficient information and belief to answer the averments in these paragraphs and leaves the Plaintiff to its proof thereof.

## FACTS

14, 15, 16, 17, 18, & 19. The Tax Administrator is without sufficient information and belief to answer the averments in these paragraphs and leaves the Plaintiff to its proof thereof.

20(a). & 20(b). The Tax Administrator is without sufficient information and belief to answer the averments in these paragraphs and leaves the Plaintiff to its proof thereof.

20(c). Admitted with Explanation. Admitted insofar as stated but by way of explanation and clarification, Tax Division records show that statutory lien no. 199801027 dated November 10, 1998 issued against Daniel L. Pokorski (SSN ███████ █████ and Rosemarie A. Pokorski (SSN ███████) of Westerly Rhode Island for delinquent state income taxes. A six (6) year renewal of this statutory lien issued on October 24, 2004.

20(d)., 20(e)., 20(f). & 20(g). The Tax Administrator is without sufficient information and belief to answer the averments in these paragraphs and leaves the Plaintiff to its proof thereof.

20(h). Admitted with Explanation. Admitted insofar as stated but by way of explanation and clarification, Tax Division records show that statutory lien no. 200100258 dated April 3, 2001 issued against Daniel L. Pokorski (SSN ███████ and Rosemarie A. Pokorski (SSN ███████ of Westerly Rhode Island for delinquent state income taxes.

True Copy Attest

*C. R. Ch____*

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

2

20 (i)., 20 (j)., 20 (k)., 20 (l)., 20 (m). & 20 (n). The Tax Administrator is without sufficient information and belief to answer the averments in these paragraphs and leaves the Plaintiff to its proof thereof.

20 (o). Admitted with Explanation. Admitted insofar as stated but by way of explanation and clarification, Tax Division records show that statutory lien no. 200302586 dated October 21, 2003 issued against Daniel L. Pokorski (SSN ███████ ██) and Rosemarie A. Pokorski (SSN ███████ of Westerly Rhode Island for delinquent state income taxes.

## COUNT I: DECLARATORY RELIEF

21. The Tax Administrator incorporates by reference and reiterates his answers to paragraphs 1 through 20 above as if each and every one of those answers were more fully set forth herein.

22., 23. & 24. The Tax Administrator is without sufficient information and belief to answer the averments in these paragraphs and leaves the Plaintiff to its proof thereof.

By way of further answer, the Tax Administrator responds to the Plaintiff's prayers for relief set forth in Count I as follows:

(A) For the record, the Tax Administrator voices general objection to the Plaintiff's request for a restraining order insofar as the Superior Court lacks subject matter jurisdiction over the enforcement of state tax laws and the collection of state taxes. As a practical matter, the Plaintiff's request for injunctive relief with regards to the Tax Administrator or the Tax Division is moot insofar as a commencement of an interpleader action immunizes mortgagees from liability to the Tax Division for the tax obligations of 3rd party mortgagors due to their receipt of surplus mortgage foreclosure proceeds.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

3

(B) The Tax Administrator is without objection to a release and discharge of liability for the Plaintiff and its legal counsel relating to this cause of action.

(C) Subject to the Court's review and approval, the Tax Administrator is without objection to this Court awarding the Plaintiff reasonable attorney's fees and costs incurred by commencing the within action with said sums to be paid out of the surplus foreclosure proceeds.

(D) In the absence of specific information regarding the nature, terms or amount of "such further relief" that the Plaintiff may seek, Tax Administrator objects to this prayer for relief.

## COUNT II: INTERPLEADER

25. The Tax Administrator incorporates by reference and reiterates his answers to paragraphs 1 through 24 above as if each and every one of those answers were more fully set forth herein.

26. Admitted in part and denied in part. Admitted in part insofar as neither the Tax Administrator nor the Tax Division have colluded with anyone regarding the commencement of this action, agreed to indemnify anyone with regards to this action, or requested that anyone commence this action. Denied in part as the Tax Administrator is without sufficient information and belief to answer the averments in this paragraphs as to the other named defendants and leaves the Plaintiff to its proof thereof.

27. The Tax Administrator is without sufficient information and belief to answer the averments in this paragraph and leaves the Plaintiff to its proof thereof.

By way of further answer, the Tax Administrator responds to the Plaintiff's prayers for relief set forth in Count II as follows:

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

4

(A) The Tax Administrator is without objection to any order of this Court requiring the defendants to interplead and prove their respective claims to the surplus foreclosure proceeds.

(B). The Tax Administrator is without objection to an order of this Court authorizing and directing the Plaintiff to deposit with the Registry of the Court surplus foreclosure sale proceeds; minus its reasonable attorneys fees and costs.

## DEFENSE

As this Honorable Court is aware, the Superior Court is without subject matter jurisdiction over state tax matters and the exhaustion of administrative remedies is an essential prerequisite for judicial review of any state tax matter. R.I.G.L. §§ 8-8-8(6);8-8-24. *Owner-Operators Independent Drivers Ass'n v. State*, 541 A.2d 69  (R.I. 1988); *International Packaging Corp. v. Mayer*, 715 A.2d 636 (R.I. 1998). Insofar as the within action is limited to determining the extent or priority of the parties' claims in the surplus foreclosure proceeds, the Tax Administrator is without jurisdictional and procedural objection. However, in the event that subsequent proceedings may entail a collateral attack upon the validity of a state tax liability or the propriety of the state tax lien arising thereunder, the gravamen of this action would become a state tax dispute. Accordingly, out of an abundance of caution, the Tax Administrator preserves his rights by raising the affirmative defenses of lack of subject matter jurisdiction, FRCP 12(b)(1); failure to state a claim upon which relief can be granted, FRCP 12(b)(6); Statute of Limitations, *res judicata* and collateral estoppel.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

5

Respectfully submitted,

R. GARY CLARK, TAX ADMINISTRATOR

By his attorneys,

MARCIA MCGAIR IPPOLITO, ESQ.
CHIEF OF LEGAL SERVICES

*I. Lnawi/ Bemos*

Bernard J. Lemos, Esq.
Senior Legal Counsel
State Bar No. 2837
R. I. DIVISION OF LEGAL SERVICES
One Capitol Hill
Providence, RI 02908-5890
Phone: (401) 222-6271
Fax:    (401) 222-8880
E-Mail: blemos@admin.ri.gov

## CERTIFICATION

I hereby certify that I caused a true copy of the within Answer to be mailed, first class, postage prepaid, to Charles A. Lovell, Esq. and Lisa M. Martinelli, Esq. of PARTRIDGE SNOW & HAHN, LLP at 180 South Main Street in Providence, RI 02903 on this 30th day of March, 2005.

*Bernard J Lemos*

True Copy Attest

*C. R. Ch*

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

6

STATE OF RHODE ISLAND                                    SUPERIOR COURT
WASHINGTON, SC

CHAMPION MORTGAGE, ET AL

VS.                                                     C.A. NO.:  05-0151

DANIEL L. POKORSKI, ET AL

<u>ANSWER OF PELLEGRINO LANDSCAPING & TREE SERVICE</u>

Now comes the defendant, Pellegrino Landscaping & Tree Service, and

answers the plaintiff's petition as follows:

<u>PARTIES</u>

Paragraphs one through thirteen are admitted.

<u>FACTS</u>

Paragraphs fourteen through twenty are admitted.

<u>DECLARATORY JUDGMENT</u>

Paragraphs one through twenty-four are admitted.

<u>COUNTER-CLAIM OF DEFENDANT PELLEGRINO
LANDSCAPING & TREE SERVICE</u>

1.  Defendant, Pellegrino Landscaping & Tree Service, makes claim to

the plaintiff's funds pursuant to its Execution on the subject real estate

recorded June 3rd, 2002 at Book 961, Page 98 of the Westerly Land Evidence

Records.

2.  Pursuant to its Execution in favor of the defendant, Pellegrino

Landscaping & Tree Service, Pellegrino Landscaping & Tree Service, Inc. is

due on said Execution the sum of $2,539.97, said sum being presently due

and payable

WHEREFORE, defendant Pellegrino Landscaping & Tree Service respectfully

prays that:

1.  This Court enter its Order requiring the plaintiff to pay to the

defendant, Pellegrino Landscaping & Tree Service the sum of $2,539.97, plus

applicable interest.

True Copy Attest

C. R. Chapman

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

2.  This Court  enter its Order restraining any other defendants, and each of them, from commencing any Court any action against defendant, Pellegrino Landscaping & Tree Service wherein other defendants, or any one of them, in any manner seeks to recover the sum that is now is possession of the plaintiff, or any part of the sum, or to recover of plaintiff any damages for failure of plaintiff to deliver the sum of money to defendant or any one of them.

3.  This Court grant such further and other relief as it deems proper.

PELLEGRINO LANDSCAPING & TREE SERVICE

By: _____

John C. Levanti, Esq., #2027
Its Attorney
P.O. Box 304
Westerly, RI   02891
401-596-6230

## CERTIFICATION

I, John C. Levanti, hereby certify I mailed a true copy of the within to Lisa M. Martinelli, Esq., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI   02903 on March 22 , 2005.

John C. Levanti, Esq.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island



# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# STIPULATION

☐ SUPREME COURT  ☒ SUPERIOR COURT  ☐ FAMILY COURT  ☐ DISTRICT COURT

_____ WASHINGTON _____ COUNTY/DIVISION

| 1. CHAMPION MORTGAGE, ET AL<br>VS.<br>DANIEL L. POKORSKI, ET AL | 2. CASE NO.<br><br>C.A. NO.: 05-0151 |

In the above-entitled cause it is agreed that the following entry be made:

I hereby enter my appearance for the defendant, Pellegrino Landscaping & Tree Service.

*SUPERIOR COURT FILED MAR 23 AM 11:12 COURT/LAND R. CHAPMAN, JR*

| | | |
|---|---|---|
| Plaintiff's Attorney (Print Name)<br>John C. Levanti, Esq. | Registration No.<br>2027 | Signature<br>*[signature]* |
| Defendant's Attorney (Print Name)<br>March 2 2, 2005<br>Date | Registration No. | Signature<br>True Copy Attest<br>*[signature]* C. R. Chapman<br>Offices of Clerk of Superior Court<br>County of Washington<br>Wakefield, Rhode Island |

Judge

J-7 (Rev. 9/89)



# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL    [ ] KENT    [X] WASHINGTON    [ ] NEWPORT

CIVIL ACTION, FILE No. 05-0151

CHAMPION MORTGAGE, A DIVISION OF KEY
BANK USA NATIONAL ASSOCIATION, AS
SUCCESSOR IN INTEREST TO CHAMPION
MORTGAGE CO., INC. ..................... **Plaintiff**

DANIEL L. POKORSKI, et al.
..................................... **Defendant**

}

## *Summons*

State of Rhode Island
Department of Administration
Division of Taxation
One Capitol Hill
Providence, RI  02903

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ......... Lisa M. Martinelli ...................

Plaintiff's attorney, whose address is .. Partridge Snow & Hahn LLP, 180 South Main Street,

. Providence, RI  02903 ...................................................

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

_____ CLERK

Dated: ..........March 7, 2005...............................

**(Seal of the Superior Court)**

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

S- 135 (REV. 10/00)



# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL    [ ] KENT    [X] WASHINGTON    [ ] NEWPORT

CIVIL ACTION, FILE No. 05-0151

CHAMPION MORTGAGE, A DIVISION OF KEY
BANK, USA NATIONAL ASSOCIATION, AS
SUCCESSOR IN INTEREST TO CHAMPION
MORTGAGE CO., INC. .......................... **Plaintiff**

}

### *Summons*

Fitz-Sar LLC
11 Memorial Boulevard
Newport, RI 02840

DANIEL L. POKORSKI, et al ................... **Defendant**

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon .......... Lisa.M. Martinelli .....................................

Plaintiff's attorney, whose address is ....... Partridge. Snow. &. Hahn. LLP,. 180. South. Main. Street, ...........
          Providence, RI  02903

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

............................................................
                                                                CLERK

Dated: .......... March 7, 2005 ..........

**(Seal of the Superior Court)**

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

S- 135 (REV. 10/00)



# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL    [ ] KENT    [X] WASHINGTON    [ ] NEWPORT

CIVIL ACTION, FILE No. ...05-0158...

CHAMPION MORTGAGE, A DIVISION OF KEY
BANK, USA NATIONAL ASSOCIATION, AS
SUCCESSOR IN INTEREST TO CHAMPION
MORTGAGE CO., INC.                **Plaintiff**

DANIEL L. POKORSKI, et al.

                                  **Defendant**

}

### *Summons*

The Westerly Hospital
c/o Sandra Matrone Mack, Sec.
1500 Fleet Center
Providence, RI  02903

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ......Lisa M. Martinelli...... Plaintiff's attorney, whose address is ......Partridge Snow & Hahn LLP, 180 South Main Street, Providence, RI  02903......

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

.................................................... **CLERK**

Dated: ......March 7, 2005......

**(Seal of the Superior Court)**

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL    [ ] KENT    [X] WASHINGTON    [ ] NEWPORT

CIVIL ACTION, FILE No. 05-0151

CHAMPION MORTGAGE, A DVISION OF KEY
BANK, USA NATIONAL ASSOCIATION, AS
SUCCESSOR IN INTEREST TO CHAMPION
MORTGAGE CO., INC.           **Plaintiff**

DANIEL L. POKORSKI, et al.
                              **Defendant**

}

### Summons

Pellegrino Landscaping & Tree Service
c/o Joseph Pellegrino
5 Brookside Road
Westerly, RI   02891

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ...... Lisa M. Martinelli .......................... Plaintiff's attorney, whose address is ...... Partridge Snow & Hahn LLP, 180 South Main Street, Providence, RI  02903 ...................................................... an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

........................................................................................
                                                      **CLERK**

Dated: ..........March 7, 2005..........................................

**(Seal of the Superior Court)**

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

S- 135 (REV. 10/00)



# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL    [ ] KENT    [✓] WASHINGTON    [ ] NEWPORT

CIVIL ACTION, FILE No. 05-9151

CHAMPION MORTGAGE, A DIVISION OF KEY
BANK, USA NATIONAL ASSOCIATION, AS
SUCCESSOR IN INTEREST TO CHAMPION
MORTGAGE CO., INC.          **Plaintiff**

DANIEL L. POKORSKI, et al.

                            **Defendant**

## *Summons*

Petroleum Heat & Power Co., Inc.
d/b/a DeBlois Oil Company
c/o Prentice-Hall Corp., System
222 Jefferson Boulevard, Suite 200
Warwick, RI  02888

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Lisa M. Martinelli Plaintiff's attorney, whose address is Partridge Snow & Hahn LLP, 180 South Main Street, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: March 7, 2005

**(Seal of the Superior Court)**

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

S- 135 (REV. 10/00)

## STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

WASHINGTON, SC.                                        SUPERIOR COURT

CHAMPION MORTGAGE, A DIVISION
OF KEY BANK, USA NATIONAL
ASSOCIATION, AS SUCCESSOR IN
INTEREST TO CHAMPION MORTGAGE
CO., INC.,
          Plaintiff

v.

DANIEL L. POKORSKI a/k/a DAN L.
POKORSKI, ROSEMARIE A. POKORSKI
a/k/a ROSE A. POKORSKI,
COMMISIONER INTERNAL REVENUE
SERVICE, STATE OF RHODE ISLAND
DIVISION OF TAXATION, CAROL
SMITH, FITZ-SAR, LLC, VERMONT
STUDENT ASSISTANCE CORPORATION,
PELLEGRINO LANDSCAPING & TREE
SERVICE, PETROLEUM HEAT & POWER
CO., INC. d/b/a DeBLOIS OIL COMPANY,
THE WESTERLY HOSPITAL, VALERIE
BUROS, and DIANA W. SARGENT,
          Defendants

C.A. No. WC 2005-151

## COMPLAINT FOR DECLARATORY JUDGMENT AND INTERPLEADER

### PARTIES

1.    Plaintiff Champion Mortgage, a Division of Key Bank, USA National

Association, as successor in interest to Champion Mortgage Co., Inc., is a Minnesota corporation

with a principal place of business located in Mendota Heights, Minnesota (hereinafter,

"Champion").

True Copy Attest

*C. R. Ch——*

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

2.     Defendant Daniel L. Pokorski, a/k/a Dan L. Pokorski (hereinafter, "Mr. Pokorski") is an individual who, upon information and belief, had a last known address of 151 East Avenue, Westerly, Rhode Island.

3.     Defendant Rosemarie A. Pokorski, a/k/a Rose A. Pokorski (hereinafter, "Ms. Pokorski") is an individual who, upon information and belief, had a last known address of 151 East Avenue, Westerly, Rhode Island.

4.     Defendant Internal Revenue Service (hereinafter, "IRS") is a federal agency established pursuant to the laws and regulations of the United States.

5.     Defendant State of Rhode Island Department of Administration Division of Taxation (hereinafter, "Division of Taxation") is a public agency established pursuant to R.I. Gen. Laws § 42-11-1 *et seq.*

6.     Defendant Carol Smith (hereinafter, "Ms. Smith") is an individual who, upon information and belief, has a last known address of 430 River Road, Pawcatuck, Connecticut.

7.     Defendant Fitz-Sar LLC (hereinafter, "Fitz-Sar") is a Rhode Island corporation that, upon information and belief, has a principal place of business located at 11 Memorial Boulevard, Newport, Rhode Island.

8.     Defendant Vermont Student Assistance Corp. (hereinafter, "VSAC") is a Vermont State corporation that, upon information and belief, has a principal place of business located in Winooski, Vermont.

9.     Defendant Pellegrino Landscaping & Tree Service (hereinafter, "Pellegrino") is a Rhode Island corporation that, upon information and belief, has a principal place of business located at 5 Brookside Road, Westerly, Rhode Island.

**True Copy Attest**

*C. R. Ch̄—/*

**Offices of Clerk of Superior Court**
**County of Washington**
**Wakefield, Rhode Island**

10.     Defendant Petroleum Heat & Power Co., Inc. d/b/a DeBlois Oil Company (hereinafter, "Petroleum Heat") is a Rhode Island corporation that, upon information and belief, has a principal place of business located at 2187 Atlantic Street, Stamford, Connecticut.

11.     Defendant The Westerly Hospital (hereinafter, the "Hospital") is a Rhode Island corporation with a principal place of business located at 25 Wells Street, Westerly, Rhode Island.

12.     Defendant Valerie Buros (hereinafter, "Ms. Buros") is an individual who, upon information and belief had a last known address of Bainbridge Island, Washington.

13.     Defendant Diana W. Sargent (hereinafter, "Ms. Sargent") is an individual who, upon information and belief had a last known address of Westerly, Rhode Island.

## FACTS

14.     On or about August 22, 1997, the Borrowers executed a promissory note (the "Note") in the original principal amount of Forty-Seven Thousand One Hundred and 00/100 Dollars ($47,100.00) in favor of Champion Mortgage Co., Inc. (hereinafter, "Champion Mortgage").

15.     On or about August 22, 1997, as security for payment of the Note, the Borrowers executed and delivered to Champion Mortgage a first mortgage (the "Mortgage") on the real estate and improvements located at 151 East Avenue, Westerly, Rhode Island (the "Property"). The Mortgage was recorded in the Land Evidence Records of the Town of Westerly, Rhode Island in Book 660 at Page 31. A true and accurate copy of the Mortgage is attached hereto and incorporated herein by reference as Exhibit A.

16.     On or about February 25, 1998, Champion Mortgage assigned the Mortgage to Harris Trust and Savings Bank, as Trustee for Champion Home Equity Loan Trust 1997-2 (hereinafter, "Harris Trust") and recorded said assignment in the Land Evidence Records of the Town of Westerly, Rhode Island on April 28, 1998 in Book 698 at Page ___ (the "H___

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

Assignment"). A true and accurate copy of the Harris Assignment is attached hereto and incorporated herein by reference as Exhibit B.

17.    On or about April 8, 2004, the Harris Trust assigned the Mortgage to Champion and recorded said assignment in the Land Evidence Records of the Town of Westerly, Rhode Island on April 19, 2004 in Book 1276 at Page 46 (the "Key Bank Assignment"). A true and accurate copy of the Champion Assignment is attached hereto and incorporated herein by reference as Exhibit C.

18.    Events of default occurred pursuant to the terms of the Note and Mortgage.

19.    As a result of said defaults, Champion commenced foreclosure proceedings pursuant to the power of sale contained in the Mortgage and in accordance with Rhode Island law, which resulted in the Property being sold to a third party on July 9, 2004 for the sum of Two Hundred Sixteen Thousand and 00/100 Dollars ($216,000.00). After payment of foreclosure-related expenses and the balance due and owing pursuant to the Note and Mortgage, Champion is holding surplus proceeds from said foreclosure sale in the amount of One Hundred Forty Thousand Fifty-Five and 37/100 Dollars ($148,055.37) for distribution to the persons or entities entitled thereto (the "Surplus Proceeds").

20.    According to a title report performed on behalf of Champion, the parties holding an interest in the Property as shown in the Land Evidence Records for the Town of Westerly at the time of the foreclosure were as follows:

(a)    Mortgage from Rosemarie A. Pokorski to Carol Smith in the sum of Thirty Five Thousand and 00/100 Dollars ($35,000.00) dated May 24, 2002, recorded May 24, 2002 at 12:35 p.m. in Book 1004 at Page 263.

(b)    Notice of Federal Tax Lien dated March 13, 1998, recorded March 24, 1998 at 10:20 a.m. in Book 691 at Page 247.

(c)    Notice of Tax Lien, State of Rhode Island Division of Taxation dated November 10, 1998 recorded November 16, 1998 at 12:02 p.m. in Book

**True Copy Attest**

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

4

734 at Page 283.

(d)     Notice of Federal Tax Lien dated November 21, 1998, recorded November 23, 1998 at 9:16 a.m. in Book 735 at Page 320.

(e)     Notice of Federal Tax Lien dated April 25, 2000 recorded May 2, 2000 at 11:51 a.m. in Book 826 at Page 309.

(f)     Execution Fitz-Sar LLC v. Daniel Pokorski and Rosemarie Pokorski dated September 6, 2000 recorded November 28, 2000 at 11:53 a.m. in Book 859 at Page 240.

(g)     Execution Vermont Student Assistance Corporation v. Daniel L. Pokorski dated June 20, 2000 recorded December 12, 2000 at 2:15 p.m. in Book 862 at Page 219.

(h)     Notice of Tax Lien State of Rhode Island dated April 3, 2001 recorded April 10, 2001 at 1:06 p.m. in Book 884 at Page 371.

(i)     Execution Pellegrino Landscaping Tree Service v. Rose Pokorski dated April 5, 2001, recorded June 3, 2002 at 2:16 p.m. in Book 961 at Page 98.

(j)     Execution Petroleum Heat & Power Co., Inc. d/b/a Deblois Oil Company v. Rosemary Pokorski dated April 5, 2001 recorded June 3, 2002 at 2:16 p.m. in Book 961 at Page 98.

(k)     Execution Petroleum Heat & Power Co., Inc. d/b/a Deblois Oil Company v. Rosemary Pokorski dated April 23, 2002 recorded June 19, 2002 at 9:23 a.m. in Book 1012 at Page 173.

(l)     Execution The Westerly Hospital v. Rosemarie Pokorski dated May 3, 2002, recorded July 19, 2002 at 9:42 a.m. in Book 1019 at Page 260.

(m)     Execution Valerie Buros v. Rosemarie A. Pokorski and Daniel L. Pokorski dated October 24, 2002 recorded January 15, 2003 at 10:06 a.m. in Book 1087 at Page 29.

(n)     Execution Diana W. Sargent v. Rose Pokorski a/k/a Rosemarie Pokorski dated March 31, 2003 recorded August 28, 2003 at 12:53 p.m. in Book 1194 at Page 188.

(o)     Notice of Tax Lien State of Rhode Island Division of Taxation dated October 21, 2003 recorded October 29, 2003 at 2:37 p.m. in Book 1220 at Page 242.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

5

## COUNT I
### Declaratory Judgment

21.    Champion repeats and re-alleges Paragraphs 1 through 20 as if each were more fully set forth herein.

22.    Champion believes that it runs a risk that adverse claims to the Surplus Proceeds may be made by Defendants in this action.

23.    Champion is unaware of the respective rights of the Defendants and is unable to determine to whom the funds are justly due and payable.

24.    Champion's only claim in interest in the Surplus Proceeds is to have the costs and expenses that are associated with this action paid from the Surplus Proceeds. It has at all times been willing to pay the Surplus Proceeds to such entities or persons as should lawfully be entitled to receive the same and to whom it could safely and without hazard to itself pay the same, and hereby offers to transfer the Surplus Proceeds to this Court at such time and under such conditions as the Court may order and direct.

WHEREFORE, Champion respectfully prays as follows:

A.    That this Court enter an Order restraining the Defendants from commencing in any court any action against Champion or its attorneys wherein the Defendants in any manner seek to recover the Surplus Proceeds that are now in possession of Champion or any part thereof, or to recover from the Champion or its attorneys any damages for failure of Champion to deliver the Surplus Proceeds to the Defendants;

B.    That this Court enter an Order releasing and discharging Champion and its attorneys from any and all liability to the Defendants in this cause of action on account of any of the matters contained herein;

True Copy Attest

*C. R. Ch___*

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

6

C.    That this Court determine the amount of reasonable attorneys' fees to be paid to the attorneys of Champion for their services rendered in this cause of action and enter an order authorizing and directing said attorneys' fees, and all court costs and expenses incurred by Champion, to be paid out of the Surplus Proceeds to Champion; and

D.    For such other and further relief as this Court deems just and proper.

### COUNT II
### Interpleader

25.    Champion repeats and re-alleges paragraph 1-24 as if each were more fully set forth herein.

26.    Champion does not in any respect collude with any of the Defendants concerning the matters in controversy in this cause of action. Champion is not in any matter indemnified by any one or more of the Defendants. Champion has not brought this cause of action at the request of any one or more of the Defendants, but has filed the same of its free will to avoid being harassed and subjected to multiple costs and liability, and to avoid unnecessary litigation concerning the matters contained herein.

27.    This cause of action for interpleader is Champion's only means of protecting itself from multiple litigation.

WHEREFORE, Champion respectfully prays as follows:

A.    That this Court enter an Order requiring the Defendants to interplead in this cause and to settle their respective rights to the Surplus Proceeds;

B.    That this Court enter an Order authorizing and directing Champion to pay into the Registry of the Court the Surplus Proceeds in the amount of One Hundred Forty-Eight Thousand Fifty-Five and 37/100 Dollars ($148,055.37), less the reasonable attorneys' fees, costs and expenses incurred by the Bank in connection with this action;

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

7

C.    That upon payment of the remaining Surplus Proceeds to the Registry of the Court, and after satisfaction of subparagraph B above, Champion be dismissed from this action; and

D.    For such other and further relief as the Court deems just and proper.

CHAMPION MORTGAGE, A DIVISION OF KEY BANK, USA NATIONAL ASSOCIATION, AS SUCCESSOR IN INTEREST TO CHAMPION MORTGAGE CO., INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Charles A. Lovell (#4004)
Lisa M. Martinelli (#6350)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: March 7, 2005

762950_2

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

8

CHAMPION MORTGAGE CO., INC.   97 AUG 27  PM 3:54   20 Waterview Boulevard,  Parsippany, NJ 07054

BK 660 PG 031

| Filed 1059956 | Cust# 882295 |

[Space Above This Line For Recording Data]

## RHODE ISLAND FIXED RATE MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on __August 22, 1997__
The mortgagor is  DANIEL L. PONDEREX A/K/A DAN L. PONDEREX &

ROSEMARIE A. PONDEREX A/K/A ROSE A. PONDEREX,  HIS WIFE

whose address is 151 EAST AVENUE, R1

TOWN OF WESTERLY, R1
("Borrower"). This Security Instrument is given to Champion Mortgage Co., Inc., which is organized and existing
under the laws of New Jersey, and whose address is 20 Waterview Boulevard, Parsippany, New Jersey 07054
("Lender"). Borrower owes Lender the principal sum of U.S Dollars Forty-Seven Thousand One Hundred & 00/100
($47,100.00) _____.  This debt is evidenced by Borrower's note dated the same
date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid
earlier, due and payable on __August 27, 2017__ _____.  This Security Instrument secures to Lender:
(a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications
of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security
of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security
Instrument and the Note.  For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with
Mortgage Covenants upon the Statutory Condition and with the STATUTORY POWER OF SALE,  the following
described property located in the Town of __WESTERLY__ _____, Rhode Island:

- SEE SCHEDULE A ANNEXED HERETO AND MADE A PART HEREOF -

which has the address of 151 EAST AVENUE
                                                    [Street]

__WESTERLY__ _____, Rhode Island    02891    ("Property Address");
        [City]                                              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be
covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the
"Property".

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of
record.  Borrower warrants and will defend generally the title to the Property against all claims and demands,
subject to any encumbrances of record.
        Borrower and Lender covenant and agree as follows:

CMORB 1st or 2nd (Use 10 Fixed Rate Mortgage 4/97)                    page 1 of 8

True Copy Attest
NOT TO SCALE

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

BK660PG032

1.    **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2.    **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items". Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes payment of such Escrow Items to the holder or servicer of a mortgage encumbering the Property which has priority over this Security Instrument and which was approved by Lender at the time of origination of this Security Instrument (an "Approved Senior Security Instrument").

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 19, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3.    **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4.    **Charges; Liens; Approved Senior Security Instrument.** Borrower shall pay or cause to be paid, when due, all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments. Borrower covenants and agrees to timely perform all of Borrower's obligations under any Approved Senior Security Instrument, including by way of example and not by way of limitation, Borrower's obligation to make all payments when due under such Approved Senior Security Instrument and the note or other obligation secured thereby.

Borrower shall promptly discharge any lien which has priority over this Security Instrument (other than an Approved Senior Security Instrument) unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5.    **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender or applicable law requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender, or applicable law, requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be

page 2 of 6

*A True Copy Attest*

*[signature]*

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

BK660PG033

unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, and subject to the rights of the holder of any Approved Senior Security Instrument, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied, subject to the rights of the holder of any Approved Senior Security Instrument, to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender, subject to the rights of the holder of any Approved Senior Security Instrument, may collect the insurance proceeds. Lender may use the proceeds received by Lender to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 19 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6.    Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Unless Borrower's loan application and the Lender's loan approval provided that the Property was not required to be occupied as Borrower's principal residence, Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7.    Protection of Lender's Rights in the Property. If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, paying real estate taxes, flood insurance and mortgage insurance premiums, appearing in court, paying reasonable attorneys' fees, entering on the Property to make repairs, and paying property insurance premiums. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8.    Mortgage Insurance. If Lender required mortgage insurance as a condition of making the loan evidenced by the Note and secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

BK 6 6 0 PC 0 3 4

**9.    Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10.    Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or any part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject only to the rights of the holder of any Approved Senior Security Instrument. Unless Lender and Borrower otherwise agree in writing, any application of such proceeds which does not pay the principal sum secured by this Security Instrument in full, shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11.    Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12.    Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 19(B). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13.    Loan Charges.** If the loan secured by this Security Instrument is subject to a law or regulation which sets maximum loan charges, and that law or regulation is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14.    Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15.    Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16.    Borrower's Copy.** Borrower acknowledges receipt of a conformed copy or a photocopy of the Note and of this Security Instrument.

**17.    Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**18.    Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Attest Environmental Law.

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

BK660PG035

As used in this paragraph 18, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 18, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

19.    Lender's Rights If Borrower Fails To Keep Promises. If any of the events or conditions described in subparagraphs (A), (B), (C), (D) or (E) of this paragraph 19 shall occur, Lender may require that I borrower pay immediately the entire amount remaining unpaid under the Note and this Security Instrument. This requirement will be called "immediate payment in full". If Lender requires immediate payment in full, Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred by Lender in pursuing the remedies provided in this paragraph 19, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by applicable law, Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including but not limited to, reasonable attorneys' fees; (b) all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

Lender may require immediate payment in full under this paragraph 19 if:

(A)    Borrower fails to make any payment required by the Note or this Security Instrument when it is due; or

(B)    All or any part of the Property, or any interest in the Property is sold or transferred (or, if Borrower is not a natural person, if a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent; or

(C)    On application of Lender two or more insurance companies licensed to do business in the state in which the Property is located refuse to issue policies insuring the buildings and improvements on the Property; or

(D)    Borrower fails to make any required payment when due on any Approved Senior Security Instrument, or if Borrower fails to keep any other promise or agreement contained in any Approved Senior Security Instrument; or

(E)    Borrower fails to keep any other promise or agreement in this Security Instrument within the time set forth, or if no time is set forth in this Security Instrument, then within the time set forth in the notice sent to Borrower by Lender, or if Borrower is otherwise in default under this Security Instrument, or if any of the representations and/or warranties made by Borrower in this Security Instrument are not true and correct in any material respect or are otherwise breached by Borrower.

20.    Release. Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void, and Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

21.    Assignment of Rents; Appointment of Receiver; Lender in Possession. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) such time as Borrower has defaulted under the Security Instrument or Note and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

Upon Borrower's default under or breach of the Security Instrument or the Note: (i) all Rents received by Borrower shall be held by Borrower as trustee, for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents, any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to paragraph 7 of the Security Instrument.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents (except in connection with an Approved Senior Security Instrument as defined in paragraph 2 of the Security Instrument) and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after any default by Borrower under the Security Instrument or Note. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs.

A True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

BK 660 PG 037

# EXHIBIT A

That certain lot or parcel of land , with the buildings and improvements thereon, numbered Lot No. 21, as laid out and delineated on that certain plat or plan entitled "Sub-Division Plan, Butterfly Farms, East Avenue, Westerly, R. I. Scale: 1 inch = 50 feet Nov. 22, 1971 Horace A. Emerson Civil Engineer", which said plan is on file in the office of the Town Clerk, Westerly, Rhode Island.

Being a portion of the same premises conveyed to these grantors by deed of Joseph Giordano, et als dated June 15, 1972 and recorded in the Land Evidence Records of said Town of Westerly in book 115 at page. Reference to said deed being hereby had and made and the same is made a part hereof.

TOGETHER with the right to use all rights-of-way, avenues, drives, roads, streets and lanes as same are shown, laid out, delineated and designated on the above-mentioned plat and are now or may be hereafter opened, for all purposes for which streets and highways are customarily used in said Town of Westerly, until such time as said rights-of-way, avenues, drives, roads, streets and lanes shall be accepted by the said Town of Westerly or other competent authority, as public ways.

DONNA L. GIORDANO, CMC, TOWN CLERK
WESTERLY, RI RER

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

002751                04 APR 16 PM 2: 38              BK 1276 PG 026

# 1059956 - -20DR1

## Assignment of Mortgage

HARRIS TRUST AND SAVINGS BANK, AS TRUSTEE
FOR CHAMPION HOME EQUITY LOAN TRUST 1997-2

111 WEST MONROE, LOWER LEVEL 2  CHICAGO IL , ,60603

holder of a mortgage by
        DANIEL L. POKORSKI A/K/A DAN L. POKORSKI & ROSEMARIE A. POKORSKI A/K/A ROSE
A. POKORSKI, his wife

to HARRIS TRUST AND SAVINGS BANK, AS TRUSTEE FOR CHAMPION HOME EQUITY LOAN TRUST 1997-2  and
covering real property located at:
                        151 EAST AVENUE
                      WESTERLY, RI 02891

dated August, 22 1997 recorded in the Records of Deeds in WESTERLY in RHODE ISLAND Book
No. __660__ , at Page __031__ , for consideration paid, assigns said mortgage and the note and
claim secured thereby to
        CHAMPION MORTGAGE, A DIVISION OF KEY BANK USA
        NATIONAL ASSOCIATION SUCCESSORS IN INTEREST TO CHAMPION MORTGAGE CO.,
        INC.
        2 GATEHALL DRIVE
        PARSIPPANY NJ ,07054

WITNESS my hand and seal this 8th  day of      April, 2004

*CMOnischak*                  HARRIS TRUST AND SAVINGS BANK, AS TRUSTEE
*MARIAN ONISCHAK*             FOR CHAMPION HOME EQUITY LOAN TRUST 1997-2

                              By: *DMoser*
                              Name: Diane D. Moser
                              Title: Vice President

## CORPORATE ACKNOWLEDGEMENT

STATE OF                  )
                          ) ss:
COUNTY OF                 )

        On this 8th day of April, 2004 in CHICAGO said County, before me appeared , to me personally known,
who, being by me duly sworn, did say that he/she is the   of  HARRIS TRUST AND SAVINGS BANK, AS
TRUSTEE FOR CHAMPION HOME EQUITY LOAN TRUST 1997-2, a                          corporation,
and that said instrument was signed by him/her on behalf of HARRIS TRUST AND SAVINGS BANK, AS TRUSTEE
FOR CHAMPION HOME EQUITY LOAN TRUST 1997-2  by authority of its board of directors; and that said
acknowledged said instrument by him/her executed to be his/her free act and deed and the free act and deed
of HARRIS TRUST AND SAVINGS BANK, AS TRUSTEE FOR CHAMPION HOME EQUITY LOAN TRUST 1997-2

(Seal)    ┌─────────────────────────┐   *Ruby Morgan*
          │     OFFICIAL SEAL        │   Notary Public
          │     RUBY MORGAN          │
          │ NOTARY PUBLIC, STATE OF ILLINOIS │   My Commission Expires: 12-5- 2006
          │ MY COMMISSION EXPIRES 12-5-2006  │
          └─────────────────────────┘

        Received in the office of the Records of Deeds of the Town/City of _____
Rhode Island, on the _____ day of _____ at _____ M., and
Recorded in  Book No_____ at Page _____ .

Record and Return to:
        CHAMPION MORTGAGE, A DIVISION OF KEY BANK USA NATIONAL ASSOCIATION   True Copy Attest
        SUCCESSORS IN INTEREST TO CHAMPION MORTGAGE CO., INC.
        2 GATEHALL DRIVE                                                      *signature*
        PARSIPPANY NJ ,07054
                                        DONNA L. GIORDANO CMC/AAE TOWN CLERK  ___ of Clerk of Superior Court
                                        WESTERLY, RI RET: *signature*         County of Washington
                                                                             Wakefield, Rhode Island

CMC: RI 1st or 2nd Lien; Rhode Island Assignment of Mortgage; 11/98          Page 1 of 1

# 105-09956-09        96 MAR 20 AM 11:19



## ASSIGNMENT OF MORTGAGE

Champion Mortgage Co. Inc.
20 Waterview Boulevard
Parsippany, NJ 07054
holder of a mortgage by
DANIEL L. POKORSKI AKA DAN L. POKORSKI & ROSEMARIE A. POKORSKI AKA ROSE A. POKORSKI, his wife

to   151 EAST AVENUE

WESTERLY, RI 02891

dated August 22nd, 1997       recorded in the Records of Deeds in WESTERLY
in Rhode Island  Book No. 660 , at Page 031 , for consideration paid, assigns said
mortgage and the note and claim secured thereby to
HARRIS TRUST AND SAVINGS BANK, AS TRUSTEE
FOR CHAMPION HOME EQUITY LOAN TRUST 1997-2
111 WEST MONROE, LOWER LEVEL B2
CHICAGO, IL 60603.


WITNESS my hand and seal this  25th day of February, 1998.


Champion Mortgage Co. Inc.

By: _____

Name: ELIZABETH D. PERRITT
Title: Asst. Treasurer


## CORPORATE ACKNOWLEDGEMENT


STATE OF NEW JERSEY        )
                           )ss:.
COUNTY OF MORRIS           )

On this 25th day of February, 1998  in Parsippany                      in said
County, before me appeared ELIZABETH D. PERRITT '            , to me personally known,
who, being by me duly sworn, did say that he/she is the Asst. Treasurer            of
Champion Mortgage Co. Inc.    , a New Jersey ,            corporation, and that
said instrument was signed by him/her on behalf of Champion Mortgage Co. Inc.
by authority of its board of directors; and that said ELIZABETH D. PERRITT    acknowledged
said instrument by him/her executed to be his/her free act and deed and the free act and deed of
Champion Mortgage Co. Inc.
(Seal)                      _____

Notary Public   DEBORAH ANN GUARINO
                NOTARY PUBLIC OF NEW JERSEY
My Commission Expires My Commission Expires Sept. 25, 2001


Received in the office of the Records of Deeds of the Town/City of _____ ,
Rhode Island, on the _____ day of _____ at _____ M., and
Recorded in Book No. _____ at Page _____ .


Record And Return To:
HARRIS TRUST AND SAVINGS BANK, AS TRUSTEE
FOR CHAMPION HOME EQUITY LOAN TRUST 1997-2
20 WATERVIEW BOULEVARD
PARSIPPANY, NJ 07054

True Copy Attest

DONNA L. GIORDANO, CMC, TOWN Offices of Clerk of Superior Court
WESTERLY, RI REF: _____ County of Washington
                            Wakefield, Rhode Island

N ASSIGNMENT REV 4/91



# STATE OF RHODE ISLAND
## SUPERIOR COURT

**CASE COVER SHEET**

SUPERIOR COURT
FILED

Case * (Filled in by Clerk's Office)

WC 2005 151

This form must be filed with each original document that commences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

05 MAR -8 PM 3: 16

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| CHAMPION MORTGAGE, a Division of Key Bank, USA National Association, as Successor in Interest to Champion Mortgage Co., Inc. | DANIEL L. POKOROSKI, ROSEMARIE A. POKOROSKI, COMMISSIONER INTERNAL REVENUE SERVICE, STATE OF RHODE ISLAND DIVISION OF TAXATION, CAROL SMITH, FITZ-SAR, LLC, VERMONT STUDENT ASSISTANCE CORP. PELLEGRINO LANDSCAPING & TREE SERVICE, PETROLEUM HEAT & POWER .CO, INC., et al. |

**NATURE OF PROCEEDING** — Check the applicable case type under main categories listed below. **(check one only)**

**District Court Appeal** ☐ Yes (check type below)

☐ AGA Agency appeal
☐ ANT Anti-trust
☐ ASB Assault and battery
☐ BKA Book account
☐ CIC Criminal inj. compensation
☐ CLA Common law assignment
☐ CLL Common law lien
☐ CON Contract
☐ CNV Conversion
☐ CRC Criminal conversation
☐ CRJ Civil Rights Job Discrimination
☒ DEJ Declaratory judgment
☐ DIN Recovery of damages/insurance
☐ DOJ Debt on judgment
☐ DPC Denial of probate claim
☐ Other than above (specify type):

☐ DTP Deceptive trade practice
☐ EXT Excessive tax
☐ FOR Forfeiture
☐ FRJ Foreign Judgment
☐ IDV Personal inj./property dam-vehicle
☐ INR Injunctive relief
☐ IPL Interpleader
☐ LIB Libel/slander
☐ MLE Malpractice/legal
☐ MME Malpractice/medical
☐ MOT Malpractice/other
☐ PDM Property damage
☐ PDV Property damage / vehicle
☐ PER Personal injury
☐ PIV Personal injury-vehicle
☐ PRL Product liabilty

☐ PRN Promissory note
☐ PRT Partition
☐ RIC Reinstate charter
☐ RLP Real property
☐ ROF Recovery of funds
☐ SAB Sexual abuse
☐ SPP Specific performance
☐ SXH Sexual harassment
☐ TAE Trespass and ejectment
☐ TCO Title clearing (other than tax title)
☐ TCT Trustee/appt convey title
☐ TRA Trustee/accounting
☐ UNM Uninsured motorist
☐ WOM Mandamus. Writ of
☐ WOR Replevin, Writ of
☐ WRD Wrongful death

### MISCELLANEOUS PETITIONS

☐ AOD Assessment of damages
☐ AOS Trustee successor
☐ AOT Trustee / appointment of
☐ ARA Arbitration award
☐ CAR Arbitration /confirm
☐ CFC Confirm compromise
☐ CND Condemnation
☐ CNT Contempt
☐ DOC Dissolution of corp.
☐ DOT Trustee / declination of
☐ DSC Disclaimer
☐ Other than above (specify type):

☐ EDP End partnership
☐ FOC Forfeiture of charter
☐ FRR Forclosure of right redemption
☐ GJI Grand jury investigation
☐ HAC Habeas corpus
☐ LCN Level of community notification
☐ MAW Material witness
☐ MEL Mechanics lien
☐ OSW Out of state witness
☐ PCR Post conviction relief
☐ PFC Petition for constable
☐ PFI Petition for immunity

☐ PFR Petition for review
☐ PFS Perform surgery
☐ PIN Pet for ordinary (wire tap)
☐ PTD Pet to take deposition
☐ PTE Petition to expunge
☐ R5A Rule 5A petition
☐ REC Receivership
☐ RTA Arbitration referral
☐ SVP Sexually violent predator petition
☐ TCL Title clearing (tax title)
☐ TLF Foreclosure / tax lien
☐ VAR Arbitration / vacate

### PROBATE APPEALS

☐ WIL Will       ☐ TRS Trust       ☐ GRD Guardianship       ☐ NAC Name change
☐ Other than above (specify type):

Is this a case that may require a trial for resolution?   ☐ Yes   ☒ No   If yes: ☐ Jury   ☐ Non-jury

True Copy Attest

Attorney name and Registration #  Lisa M. Martinelli (#6350)                    March 7, 2005   {Date}

Pro se/Name _____

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

SC-223 (Rev. 11/00)